## J. A. Land v. The State.

### No. 7164. Decided November 22, 1922.

### Rehearing Denied February 14, 1923.

**1.—Transporting Intoxicating Liquor—Evidence—Liquor Still—Other Transactions.**

Where, upon trial of unlawfully transporting intoxicating liquor, the State produced testimony that near the place of arrest, the officers found a whisky still, etc., the same was admissible whether the still was operated by the defendant and his companion or by some one else, as its proximity to where the arrest was made suggested that it may have been the source from which the whisky came.

**2.—Same—Medicinal Purposes—Charge of Court—Weight of Evidence.**

Where, upon trial of unlawful transportation of intoxicating liquor, the defendant introduced testimony to the effect that his sister was an invalid and required alcoholic stimulants for medicinal purposes, etc., and the court's charge did not in any sense intimate to the jury that the trial judge entertained any impression with reference to the weight of the testimony, there is no reversible error.

**3.—Same—Indictments—Purpose of Sale.**

In the indictment for unlawfully transporting intoxicating liquor, it is unnecessary to allege that it was for the purpose of sale. Following Stringer v. State, 92 Texas Crim. Rep., 46, 242 S. W. Rep., 159, and other cases.

**4.—Same—Rehearing—Other Transactions—Evidence.**

That the party was going toward or coming from the point where the still, etc., were found, and also testimony of the finding of said articles, was admissible for what it was worth as showing defendant's connection with the

liquor in the car, his guilty knowledge, and that it was being transported in violation of law.

**5.—Same—Rule Stated—Evidence.**

Where testimony is offered by the State that may be considered objectionable by defendant, he may not acquiesce in its introduction by failing to object thereto, and afterwards be heard to complain, and where the evidence is sufficient to support a conviction there is no reversible error.

Appeal from the District Court of Knox. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of unlawfully transporting intoxicating liquor.

The opinion states the case.

*Cecil Storey* and *A. C. Nicholson,* for appellant. On question of other offenses, Williams v. State, 41 S. W. Rep., 645; Haley v. State, 209 id., 675; McClain v. State, 229 id., 552.

*R. G. Storey,* Assistant Attorney General, for the State. Cited, cases in opinion.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for three years.

The offense took place on a date prior to the amendment of the so-called Dean Law by the Acts of the Thirty-seventh Legislature, Chap. 61.

The appellant, one Claybrook and one Glover were together in an automobile in which there was an empty demijohn, a three-gallon jug of whisky and a quart of whisky. They were arrested while traveling upon the road. Claybrook was driving the car. The arrest took place in a remote part of Baylor County near Coffee Creek, a tributary of the Wichita River. The country was rough and broken and without inhabitants except a person engaged in riding a line fence, who lived some two miles distant. Near the point at which the arrest was made there was a camp and a still.

There was objection to the evidence concerning the still, which we quote from the bill of exceptions:

"The witness, F. A. N. O'Neil was permitted to testify as follows:

'Close to where defendant was arrested, we found a tent, a camping outfit, and closer to where they were arrested we found a tent, a lot of mash. There was trails around that tent there, as if somebody had been around there quite a bit. I should judge that it was something like 300 yards or more up the creek from the tent, I found I think that it was 9 barrels of mash and part of a still. This mash was about 200 yards from where the parties were arrested, in a western direction. As to the still, I will state, in my judgment, it is what I would call a

gasolene drum, about a 50 gallon capacity, with a great big place cut out of the middle of it, and then what I would call a milk can, at the bottom of it, and then what I would call a milk can, at the bottom of it was a big pipe with a cut-off valve to it. There was some buckets and other things around there, a tub or two, I think some sugar and meal.' "

The appellant resisted the introduction of this testimony upon the ground that it was irrelevant, incompetent, immaterial and prejudicial, and not binding upon the defendant, nothing having been shown to have connected him with the tent near the articles described, and for the further reason that appellant was on trial for transporting and not for manufacturing intoxicating liquor, and that there was no connection shown between the alleged unlawful transportation and the still, and other things connected therewith. The arrest was made and the still located in a remote part of the county, where it was broken and rough and where there were no people living save a fence-line rider, who camped some two miles distant.

The trial was conducted upon the theory that the burden was upon the State to prove that the intoxicating liquor was transported for an unlawful purpose, and at the request of the appellant, the court so instructed the jury. The evidence in question we deem relevant upon this issue. Whether the still was operated by the appellant and his companions or by someone else and the conditions surrounding it and its proximity to where the arrest was made suggests that it may have been the source from which the whisky which was in the possession of the appellant and his companions was obtained. If the whisky was obtained from an illicit still, whether manufactured by the appellant or someone else, it would tend to show that its transportation was for an unlawful purpose.

The appellant introduced testimony to the effect that the sister of Claybrook was an invalid and required alcoholic stimulants for medicinal purposes. He also introduced evidence tending to explain his presence in the vicinity, both on the occasion of the arrest and prior therto on the theory that he was a fisherman, and that it was in pursuit of that avocation that he frequented the locality in which the arrest was made. The court instructed the jury on both of these affirmative defenses and also gave an instruction to the effect that it was essential that the proof show not only that the appellant was in the car in which the whisky was found but that it must show that he had it under his actual care, control and management in conjunction with his companions. The court also gave this instruction:

"The testimony introduced in this case with reference to a tent, and mash, barrels and still, near where the defendant was arrested was only admitted for one purpose and one purpose only, and that is as it may or may not bear upon the question as to the purpose for which the defendant was transporting said whisky, if you find that he was trans-

porting said whisky, and you will not consider said testimony for any other purpose."

Of this the appellant complains on the ground that it was on the weight of the evidence. The rule is well settled that when there is introduced evidence of another offense which might be improperly used against the accused, it is proper for the court to forestall such misuse of the testimony by an appropriate charge limiting the testimony to the purpose for which it was admissible. Carroll v. State, 58 S. W. Rep., 340, and numerous other cases listed in Vernon's Tex. Crim. Stat., Vol. 2, p. 443, note 33. In framing a charge of this character, the restrictions against misleading the jury by a charge upon the weight of the evidence are to be observed. Stull v. State, 47 Texas Crim. Rep., 549; Branch's Ann. Tex. Penal Code, Sec. 192; James v. State, 86 Texas Crim. Rep., 602. We fail to discern, however, in the charge quoted any transgression of this rule. The instruction, if we properly comprehend it, does not in any sense intimate to the jury that the trial judge entertained any impression with reference to its weight. See authorities in Branch's Ann. Tex. Penal Code, Sec. 190.

The point made against the indictment that it is not unlawful to transport intoxicating liquor save for the purpose of sale has been decided adversely to the appellant's contention. Stringer v. State, 92 Texas Crim. Rep., 46, 242 S. W. Rep., 159; Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472.

We deem the evidence sufficient to support the conviction. The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING

February 14, 1923.

LATTIMORE, JUDGE.—As affecting the merits of appellant's motion for rehearing we make a statement of the facts supplemental to that contained in our original opinion. Appellant and his two companions were arrested at night with the whisky in question in their car. It s not clear whether they were going down to the point where there was presently found located a still, mash, etc., or whether they were just coming from said place, but as we understand the record they were going to it. The sister of one of appellant's companions testified that she lived in Electra and that she had with her another sister who was in the last stages of tuberculosis, and that about a day or two before the date of the alleged commission of this offense she asked her brother to get some whisky for their sister's use as medicine, and that he replied to her that he would go that afternoon and be back with this whisky, but that he did not come back and that she found out a day or two later that he was arrested on this charge and in jail. From Electra where this witness lived by way of Vernon out to where the party were arrested appears to be about sixty-five miles. Officers of

Vernon testified that on the afternoon immediately preceding the night of the arrest they observed "some parties around like they were going down there;" that they left Vernon about 4 P. M. and went down on Wichita river and to the neighborhood of the mouth of Coffee Creek and searched for stills, but about eight o'clock they went up and selected a place for observation on a road leading down into the river bottom and presently observed the lights of a car coming. They stopped the car and found it to contain appellant and his two companions, the whisky in question and the empty demijohn testified about. It was in testimony that after being arrested appellant and one of his companions led the way down to a point on Coffee Creek where were found a tent, and near by a still, barrels of mash, etc. As shedding light on appellant's attitude in regard to the liquor in question and his connection therewith, a witness testified that a short time before the arrest he was down on Wichita river in the vicinity where the arrest took place and saw appellant near the tent referred to. He said appellant was just standing there looking around when witness observed him. This witness said he was familiar with the odor of mash and that he smelled it at the time he saw appellant.

That the party were going toward or coming from the point where the still, mash, tent, etc., were found, and also testimony of the finding of said articles, was admissible for what it was worth as showing appellant's connection with the liquor in the car, and his guilty knowledge of its possession at the time, and that it was being transported in violation of law. We do not deem the disposition of this matter in our original opinion erroneous.

When testimony is offered by the State that may be considered objectionable by appellant, he may not acquiesce in its introduction by failing to object thereto,—and afterwards be heard to complain.

We regret our inability to agree with appellant on the reconsideration of the facts, that there is not sufficient testimony to support the conclusion of guilt.

Appellant's motion will be overruled.

*Overruled.*