## MAYO v. STATE. (No. 7254.)

(Court of Criminal Appeals of Texas.
Nov. 22, 1922.)

**1. Criminal law ⬅⮞390—Refusing evidence of defendant that he was taking liquor home to be used as medicine was reversible error.**

In a prosecution for unlawful transportation of intoxicating liquor, refusing defendant's testimony that it was not possessed for the purpose of sale, but that he was going to take it home for medicinal purposes, was reversible error.

**2. Intoxicating liquors ⬅⮞239(2)—Instruction as to acquittal conditioned on defendant's possession of permit held improper.**

In a prosecution for unlawful transportation of liquor under Acts 36th Leg. 1919 (2d Called Sess.) c. 78, § 2b, as added by Acts 37th Leg. 1921 (1st Called Sess.) c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a2), providing that it shall not be an offense to transport and possess liquors mentioned for medicinal purposes, after a permit has been authorized, where defendant was not charged with transporting without a permit, and stated that he was taking the liquor home for medicinal purposes, an instruction that there could be no acquittal unless he had obtained a permit was not warranted.

**3. Intoxicating liquors ⬅⮞224—Burden on defendant to prove liquor was being transported for lawful purpose.**

In a prosecution for unlawful transportation of intoxicating liquor, in view of Acts 36th Leg. 1919 (2d Called Sess.) c. 78, § 2b, as added by Acts 37th Leg. 1921 (1st Called Sess.) c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a2), where defendant was found carrying the whisky in his automobile, the burden was on him to prove that he was carrying it for a lawful purpose.

Appeal from District Court, Hunt County; George B. Hall, Judge.

George Mayo was convicted of unlawful transportation of intoxicating liquor, and he appeals. Reversed and remanded.

Clark & Sweeton, of Greenville, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for the unlawful transportation of intoxicating liquor. Punishment fixed at confinement in the penitentiary for a period of one year.

[1] The appellant had several bottles of whisky in his automobile. He testified that it was not for the purpose of sale, but that he was going to take it home for medicinal purposes. He proffered testimony also that he was suffering from rheumatism and had been for 12 years; that whisky gave him relief when he was suffering with that malady; that under the advice of physicians it had been his custom to use whisky as a medicine to counteract the effects of the disease; that on the occasion of the arrest he was taking to his home the whisky in question for the purpose of personally using same as a medicine. We think the court was in error in rejecting this testimony. Substantially the same question was passed on in favor of the appellant's contention in the case of Burciago v. State, 88 Tex. Cr. R. 576, 228 S. W. 563.

[2] The court instructed the jury, in substance, that although the appellant was transporting whisky for medicinal purposes, there could be no acquittal unless he had obtained a permit for its transportation. Supporting this charge, the state relies upon section 2 of chapter 61, Acts 37th Leg. 1st Called Sess. in which certain sections of chapter 78, Acts 36th Leg. 2d Called Sess., were amended, and of which section 2b (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a2) reads thus:

"The manufacture, sale, barter, exchange, transportation, exporting, soliciting, taking orders for, furnishing, and possessing of any of the liquors mentioned in this chapter, if done for medicinal, mechanical, scientific, or sacramental purposes, and after a permit has been duly authorized and granted by the proper authorities, shall not be punishable under the terms of this chapter."

The accused was merely charged with the transportation of intoxicating liquor. He was not charged with transporting such liquor without a permit or license to do so, and we think, under the facts of the instant case, the court was not warranted in making his acquittal of the offense for which he was on trial conditioned upon his possession of a permit or license. If, in fact, the intoxicating liquor in his possession was in-

---

⬅⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tended solely for his own use for medicinal purposes and his carrying it with him at the time of his arrest was a necessary incident of his right to use it for medicinal purposes, we believe it was not required by any of the provisions of chapter 78 of the Acts of the Thirty-Sixth Legislature that he should have a 'permit or license as a condition precedent to his right to carry the liquor to his home for the purposes stated. ·

[3] In the instant case the appellant was found carrying the whisky in his automobile. The burden was upon him to prove that he was carrying it for a lawful purpose. Robert v. State, 90 Tex. Cr. R. 133, 234 S. W. 89. It was competent for him to prove that he was carrying it solely for medicinal purposes for his own use. The evidence which was excluded was pertinent 'to this issue, and it was his right to have the jury determine the truth or falsity of the evidence offered supporting this plea. If they found it true, he was entitled to an acquittal. The charge given deprived him of this right.

Because of the errors pointed out, the judgment is reversed, and the cause remanded.