## G. R. ELLIS v. THE STATE.

No. 7289.    Decided January 24, 1923.

**Manufacturing Intoxicating Liquor—Medicinal Purposes—Continuance.**

Where, upon trial of unlawfully manufacturing intoxicating liquors, defendant made application for continuance for his family physician who was a regular practitioner and who could testify that he advised the defendant and his wife to use whisky for their ailments, and the defendant introduced testimony that he was making whisky solely for medicinal purposes for his own use, and the diligence to obtain said witness was sufficient the court should have granted the continuance. Following Mayo v. State, 245 S. W. Rep., 241.

Appeal from the District Court of Lampasas. Tried below before the Honorable M. D. Blair.

Appeal from a conviction of unlawfully manufacturing intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

W. H. Browning and W. W. Hair, for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

On the question that testimony could have been procured from other physicians: Grimes v. State, 178 S. W. Rep., 525; Crawford v. State, 147 id., 232; Hogue v. State, 146 id., 905.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The sheriff went to a tent in which the appellant lived and there found an apparatus with which whisky could be manufactured and some whisky in the process of making. The sheriff said that the appellant told him that he had lost all of his property and was driven into making whisky; that he did not make it for sale and had not sold any, though he afterwards, according to the sheriff, admitted that he had sold one jar of whisky. He said that his lungs were weak and that the doctor had advised him to use whisky; that he was making it for his own use for medicinal purposes; that he was too poor to buy it or to pay for prescriptions for it.

Appellant introduced testimony showing that his reputation as a law-abiding citizen was good and that his health was bad. He testified in his own behalf that he had a family of four boys, two girls and a wife; that he was a farmer; that he had gotten into debt and sold his crop, team, plow and tools, as well as his milk cows, to pay his debts; that these only satisfied them in part; that he had lived at a place called Howe in Grayson County; that during several years he had had lung trouble; that he had suffered a great deal with it during the last fifteen years; that he had consulted Dr. Saddler who lived at Howe and that Dr. Saddler had examined him and advised that he use whisky and sugar for his lung trouble. He told him how much to take and how often to take it. Appellant also said that his wife had had tuberculosis and that she had used whisky to advantage; that he was told that whisky would cost him six or seven dollars a pint.

Appellant's wife testified that she had had tuberculosis and that her husband had the same disease; that he had consulted Dr. Saddler with reference to the trouble.

The indictment was filed on the 24th of April, 1922, and the judgment entered May 2, 1922. Appellant made his first application for a continuance on account of the absense of Dr. Saddler, a resident of Grayson County. Subpoena had been issued for the witness on the 27th day of April and duly served. By the witness the appellant expected to prove that appellant's wife had tuberculosis and that Dr. Saddler had been treating her for a long time and had prolonged her life by the use of whisky and sugar; that he had examined the appellant and had advised him that he was affected with tuberculosis and that he make use of the same remedy. It was shown that Dr.

Saddler was a regular practicing physician of Grayson County, Texas, and it appeared that he was absent by reason of the sickness of his wife, which demanded his personal attention daily and rendered it unsafe for him to leave her bedside. This phase of the motion was verified by the certificate of Dr. Shelley of Howe, Texas. The motion was accompanied by the subpoena and the return, was duly served and not controverted. We believe that the court was not warranted in overruling the motion.

In our judgment, the appellant had a right to prove that he was making whisky solely for medicinal purposes for his own use. The trial court seems to have taken this view, and received appellant's testimony, and instructed the jury on the subject. Appellant, however, was entitled to support his own testimony by that of the physician under whose advice he was acting. There is no fault in the diligence used to procure the attendance of the witness; there is no suggestion that the witness might not be had by postponement or continuance. The motion was not controverted, nor was the motion for new trial.

Against the offense for which he was indicted, the appellant had a right to interpose proof that he was making the liquor for one of the purposes for which the Constitution, Article 20, Sec. 16, authorizes its making, namely, for medicinal purposes, and having this right, he should also have had the right to support his testimony by the absent witness. Burciago v. State, 88 Texas Crim. Rep., 576, 228 S. W. Rep., 563; Mayo v. State, 92 Texas Crim. Rep., 624, 245 S. W. Rep., 241.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*