## C. A. Tonnahill v. The State.

No. 7716.   Decided May 9, 1923.

**Intoxicating Liquor—Manufacturing—Medicinal Purposes.**

> Where, upon trial of unlawfully manufacturing intoxicating liquor, defendant sought to show that he was manufacturing liquor to be used for medicinal purposes by his wife and offered evidence and submitted a requested charge thereon, all of which was refused by the court, the same was reversible error. Following Mayo v. State, 92 Texas Crim. Rep., 624, and other cases.

Appeal from the District Court of McClellan.   Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of unlawful manufacture of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*W. A. Keeling,* Attorney General, *C. L. Stone,* Assistant Attorney General.   Cited cases in opinions.

HAWKINS, Judge.—Conviction is for the manufacture of intoxicating liquor with a punishment of one year in the penitentiary.

The manufacture of the liquor by appellant was proven by the State and admitted by appellant himself.   He sought to defend on the ground that he was manufacturing the liquor to be used for medicinal purposes by his wife.   He offered to prove by her that since the birth of her last child about eight years before her general health had been bad, her circulation poor, and that she frequently suffered from weakness and fainting spells and had used whisky under the direction of her physician as a medicine for this condition.   Upon objection by the State that this proffered testimony was immaterial, the evidence was excluded.   Appellant offered to testify himself that before the general prohibition law went into effect he had provided whisky in his home for the use of his wife, and that for this purpose he was manufacturing the whisky in question.   The State objected to this testimony, unless appellant expected to prove that he had procured a permit from the Comptroller of Public Accounts to manufacture such liquor, and upon being advised by counsel for appellant that he did not expect to make such proof the State's objection was sustained.   Appellant requested the court to instruct the jury that if he was manufacturing the whisky in question for medicinal purposes they should return a verdict of not guilty.   This charge was refused.   We find in the general charge where the jury were instructed that

the burden of proof was upon appellant to show that he had procured a permit from the Comptroller of Public Accounts of the State of Texas for making liquor for the purpose aforesaid before it could avail him as a defense.

The Assistant Attorney General, recognizing that the action of the learned trial judge in excluding the evidence hereinbefore referred to, and in refusing the special charge requested, and in giving the charge he did, was in conflict with the holdings of this court in Burciago v. State, 88 Texas Crim. Rep. 576, 228 S. W. Rep. 562; Mayo v. State, 92 Texas Crim. Rep., 624, 245 S. W. Rep. 241, and Ellis v. State, 93 Texas Crim. Rep., 322, 247 S. W. Rep. 509, has confessed error.

Upon authority of the cases cited the judgment in the instant case must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*