### T. H. Hannon v. The State.

No. 7776.   Decided December 19, 1923.

Rehearing denied March 26, 1924.

1.—Unlawfully Transporting Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error. Following:  Land v. State, 93 Texas Crim. Rep., 470, 247 S. W. Rep., 554, and other cases.

**2.—Same—Definition of Transportation.**

The law forbids the transportation of intoxicating liquor and it is not necessary that the journey intended be complete, if it is shown that defendant had the whisky in his possession and was on his way to a given destination, as in the instant case, the evidence is sufficient.

**3.—Same—Evidence—Medicine—Charge of Court—Burden of Proof.**

Where the theory of the defense was that defendant was carrying the whisky to his home for use as medicine in his family, and the court instructed the jury in a requested charge that in that event he would not be guilty, and in addition charged the jury that the burden was upon the State to prove beyond a reasonable doubt that the liquor was not carried for medicinal purposes, there is no reversible error.

**4.—Same—Requested Charges—Practice in Trial Court.**

Where the issues arising from the evidence were sufficiently embraced in the court's main charge, and the requested charge given, there is no error in refusing others which it appeared were not shown to have been presented in time.

**5.—Same—Search and Seizure.**

There was no error in receiving the testimony of the officers who found the defendant in possession of the whisky. Following: Welschek v. State, 93 Texas Crim. Rep., 271, and other cases.

**6.—Same—Evidence—Opinion Testimony.**

Where the witness affirmed a knowledge of the nature of whisky, its taste and smell and to an acquaintance with the article in question, he was competent to give his opinion that it was whisky and was intoxicating without a chemical analysis. Following: Cathey v. State, 94 Texas Crim. Rep., 599, 252 S. W. Rep., 534.

**7.—Same—Evidence—Bill of Exceptions.**

Where, from the qualification of the court, it appeared that the same question had been fully answered and explained by the witness and that the court only prevented undue repetition, there is no reversible error.

**8.—Same—Evidence—Bill of Exceptions.**

The complaint that the jury was permitted to smell the liquid is not sustained by the bill of exceptions as qualified.

**9.—Same—Motion for New Trial—Bill of Exceptions.**

A bill of exceptions to the admission and rejection of evidence must be taken at the time, and embracing them in the motion for new trial does not authorize a review on appeal. Following: Watson v. State, 87 Texas Crim. Rep., 189, and other cases.

**10.—Same—Rehearing—Words and Phrases.**

The words used in the original opinion, "from the time he put it on the train," etc., should read, "from the time it was put on the train," etc., but this does not affect the decision, and the motion for rehearing is overruled.

Appeal from the District Court of Polk.   Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Fairchild & Redditt,* for appellant.

*R. G. Storey* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The State's testimony is to the effect that shortly before the arrival of the train due at Carmona at about ten o'clock in the morning, appellant was observed in the village by a witness who bore the distinction of holding the positions of station agent for the railroad company, United States Postmaster and deputy sheriff. This witness also observed a suit case which he recognized as one which had on previous occasions come through the mail from the town of Lufkin, addressed to a woman in the village of Carmona, who was the mother-in-law of the appellant.. The contents of the suit case were not examined by the witness at the time, though he testified that the valise was heavy.   On the arrival of the train, the appellant seized the suit case and went on board.   Upon reaching the station of Corrigan, a few miles distant, at which place there was a change of cars for Lufkin, the appellant was seen at the railway station with the suit case in question in his possession and in it was found a gallon-bottle, about half full of home-made whisky. In each of two of his pockets there was a small bottle of whisky.

Appellant's version is this: His wife was sick and in a family way.  He went from his home in Lufkin to Carmona to induce his wife's mother to come to his home.   He had a child who was also sick and he had been informed by a physician that whisky would be good for his wife's health.   At Carmona he found a friend who was willing to sell him some whisky, but was unwilling to deliver it there.   However, he agreed to put it on the train at a station on the railroad between Carmona and Corrigan.   The whisky was put upon the train at the station of Old Asia.   It was in a gallon bottle, which was wrapped up in a sack, and which was set upon the steps of the train by the person who delivered it.   Appellant then took it in the train where it remained until it reached the station of Corrigan, when he put part of it in his suit case and part of it in

the bottles which were in his possession. He said his sole purpose in securing the whisky was that it might be used as medicine for his wife and child.

A doctor testified that he had sometime before recommended the use of whisky for the appellant's wife.

As to the sufficiency of the facts to support the judgment, the cases of Land v. State, 93 Texas Crim. Rep., 470, 247 S. W. Rep., 554; Black v. State, No. 7780, and Lee v. State, No. 7524, not yet reported, are very similar.

Appellant's possession of the whisky in question, under the circumstances detailed by him, is deemed sufficient evidence of a violation of the law which forbids one to transport intoxicating liquor, that is, to carry or convey it from one place or locality to another. To fill the measure of the law, it was not necessary that the journey intended be complete. Enough would be proved if it were shown that the appellant had the whisky in his possession and was on his way to a given destination. In the instant case, he was in control of the whisky, according to his testimony, from the time he put it on the train at Old Asia until his arrest, and was then waiting for a train to convey him to Lufkin, his destination. From the State's testimony, the inference might be drawn that he carried the whisky from Carmona. In either event, the evidence is sufficient to show that he was transporting it. If he was carrying the whisky to his home for use as medicine by his wife, he did not violate the law. See Mayo v. State, 92 Texas Crim. Rep., 624, 245 S. W. Rep., 241. The court so instructed the jury in a special charge presented by the appellant; in addition, to which, the court, in its main charge, placed the burden upon the State to prove beyond a reasonable doubt that the liquor was not carried for a medicinal purpose.

Some other special charges were presented, but whether before the main charge was read to the jury is not shown by the bill of exceptions. However, the issues arising from the evidence apparently were sufficiently embraced in the main charge and the special charge given.

There was no error in receiving the testimony of the officers who found the appellant in possession of the whisky. Welchek v. State, 93 Texas Crim. Rep., 271; Jones v. State, 85 Texas Crim. Rep., 538.

The liquid in the bottles was called "Shinney". A witness testified that that was the name for home-made whisky and that the liquid was whisky. The witness affirming a knowledge of the nature of the whisky, its taste and smell, and to an acquaintance with the article in question was competent to give his opinion that it was whisky and was intoxicating, without a chemical analysis. Cathey v. State, 94 Texas Crim. Rep., 599, 252 S. W. Rep., 534; Carson v. State, 69 Ala., 240; Carson v. State, 37 Ala., 139.

The bill complaining of limiting the cross-examination of one of the State's witnesses, as qualified by the trial judge, reveals no error. From the qualification it appears "that the same question had been fully answered and explained by the witness, and that all that was done was to prevent undue repetition."

The complaint that the jury was permitted to smell the liquid is not sustained by the bill as qualified.

The motion for a new trial is embraced in a so-called bill of exceptions and relates to rulings of the court upon the admission and rejection of evidence. These are matters which the law requires to be raised by bill of exceptions taken at the time, and embracing them in the motion for a new trial does not authorize a review on appeal. Vernon's Tex. Crim. Stat., Vol. 2, Art. 744, note 20, also 1922 supplement, p. 2510, note 20; Watson v. State, 87 Texas Crim. Rep., 189; Mason v. State, 83 Texas Crim. Rep., 528.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

## March 26, 1924.

HAWKINS, JUDGE.—In our original opinion we inadvertently stated appellant was by his own evidence in control of the whisky "from the time *he put it* on the train at Old Asia, etc." when we should have said "from the time it was put on the train, etc." and we have corrected the opinion to make it so read. The change in no sense affects the views expressed as to the sufficiency of the evidence to sustain the conviction. We have examined appellant's motion for rehearing and find nothing calling for a futher review, or which causes us to doubt that the former disposition of the case was correct.

The motion for rehearing is overruled.

*Overruled.*