### Tod Green v. The State.

No. 8037.  Decided March 12, 1924.

**Unlawful Transportation of Intoxicating Liquor—Agent—Accommodation— Medicinal Purposes.**

Where there was testimony that appellant's act was purely for the accommodation of another, and the latter testified that he desired to obtain the whisky as medicine, and the court refused the requested charge that if said person required the whisky for medicinal purposes and requested the appellant to purchase same acting purely as the agent of said person and without personal profit, to find him not guilty, which the court refused, the same is reversible error. Following Mayo v. State, 245 S. W. Rep., 241, and other cases.

Appeal from the District Court of Lee. Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*E. T. Simmang*, for appellant.—Cited cases in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

According to the testimony of the State witness Foster, appellant at his request, procured and brought to him a pint of whisky, Foster

furnishing the money. There is testimony that appellant's act was purely for the accomodation of Foster and without profit to himself. Foster testified that he desired to obtain and use the whisky as medicine.

Appellant, by an exception to the main charge and by a special charge, sought to have the jury instructed that if, in fact, Foster, requiring the whisky for medicinal purposes, requested the appellant to purchase it and that appellant, acting purely as Foster's agent and without personal profit, procured the whisky from another and brought it to Foster, a verdict of not guilty should have resulted. The State's Counsel concedes that in declining to amend his charge in accord with this view, the learned trial judge was in error. The cases in point are Mayo v. State, 92 Texas Crim. Rep., 674, 245 S. W. Rep., 241; White v. State, 93 Texas Crim. Rep., 332, 247 S. W. Rep., 557.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*