### John Lewis v. The State.

#### No. 8484.    Decided June 27, 1924.

1.—Transporting Intoxicating Liquor—Medicinal Purposes—Continuance—Requested Charge.

Where, upon trial of unlawfully transporting intoxicating liquor, the court overruled the application for continuance in which it was stated that by the absent witnesses he would show that his wife was in ill health, and that he had gotten the whisky at her request for use as medicine, due diligence having been shown, and besides, requested a charge to submit this issue to the jury, all of which was overruled, the same is reversible error. Following: Land v. State, 93 Texas Crim. Rep., 470, and other cases.

Appeal from the District Court of Lee.    Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Simmang, for appellant.*—Cited cases in opinion.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is the transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

Appellant, while riding on the train, had in his possession two pint bottles of whisky. He testified that his wife was in ill health and

that he had gotten the whisky at her request for use as medicine. She had been in the habit of using whisky as medicine. There was introduced testimony supporting the appellant's theory that his wife was sick and needed the whisky for medicinal purposes and that herbs had been provided to put in the whisky. Controverting testimony was introduced upon the trial by the State.

Preliminary to the trial an application for a continuance was made on account of the absence of the wife of the appellant and some other witnesses who, according to the averments of the motion would support the theory mentioned. · There seems no fault in the diligence, but there appears from the bill that the learned trial judge entertained the view that the testimony of the absent witnesses would not be material for the reason that the transportation of the whisky for the use of his sick wife would constitute no defense. This same theory was carried into the charge. In instructing the jury upon the appellant's defensive theory, the court restricted the defense to the transportation of whisky for the appellant's *own use* as medicine. A specific exception was addressed to the charge, and special instructions were requested and refused, the substance of each of which was that if the appellant was transporting the liquor to his sick wife for the purpose of using it in the preparation of medicine for her use, there would be no offense.

In overruling the application for a continuance and in limiting the appellant's defensive theory stated, we are of the opinion that the learned trial judge fell into error. In Article 16, Sec. 20, of the Constitution in which the sale and manufacture of intoxicating lquors are prohibited, there is embraced an exception in these words: "except for medicinal, mechanical, scientific, or sacramental purposes." In the act of the Legislature on the subject it is declared that it shall not be unlawful to transport intoxicating liquor for *medicinal purposes, etc.* Neither in the Constitution nor in the statute is there, in our opinion, warrant for restricting such transportation to the personal use of the accused. Such a limitation would seem inconsistent with the intent of the Legislature in permitting its transportation for medicinal purposes. A far more reasonable interpretation would be that the well might transport medicine to the sick and not that the sick go in person for the remedy. This view is in accord with the decisions of this court in several cases. See Land v. State, 93 Texas Crim. Rep., 470, 247 S. W. Rep., 554; Green v. State, 96 Texas Crim. Rep., 652, 259 S. W. Rep., 582; White v. State, 93 Texas Crim. Rep., 332; McNeal v. State, 93 Texas Crim. Rep., 259, 247 S. W. Rep., 537; Jones v. State, 96 Texas Crim. Rep., 332, 257 S. W. Rep., 895; Tonnahill v. State, 94 Texas Crim. Rep., 358, 250 S. W. Rep., 1029.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*