MORROW, Presiding Judge.
 

 The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.
 

 According to the State’s testimony, the appellant and one Barlow were riding in a Ford automobile which was searched. There was found under the seat of the car a small bottle about half full of whiskey. ■
 

 Barlow testified that he was sixty-three years of age; that he was affected with chronic bronchitis and had been for some time; that the use of whiskey had been prescribed for the malady and that he had requested the appellant to bring him some whiskey to be used for that purpose. Arrangements had been made with the appellant to get some corn,- and on the following day appellant arrived at the home of Barlow and had a small bottle of whiskey. Appellant said to Barlow that he had brought him some whiskey. Barlow said he believed the officers asked him if he knew the whiskey was in the car and he said he did, but that he really did not know of his own knowledge that the appellant had put it in the car, and that he did not at that time know whether the whiskey had been left at his house of put back in the ear.
 

 Two doctors testified that whiskey was a remedy for chronic bronchitis, and one of them testified that Barlow Avas affected with bronchitis, or something of that nature, and had been for a long time; that he regarded whiskey as having a medicinal value and prescribed its use for the particular disease mentioned; that he had told Barlow to keep whiskey on hand and use it for his ailment.
 

 According to the appellant, he was at the home of Barlow on the evening before the arrest, and Barlow was complaining and told the appellant that he should like to have some good whiskey in case he could find any, and appellant said he would try to get some for him. He got the bottle in question, and on the following morning, when he had an engagement with Barlow, he said: “I had a little luck in getting some whiskey.” Barlow expressed his satisfaction and took a drink of the whiskey. As they were about to start on a prearranged errand for some corn, they put the bottle of whiskey in the cushion of the car. Officers accosted them on the way and one of them said: “Haven’t you got some ‘shinny’ in that car?” Appellant replied that there was some under the front seat.
 

 
 *592
 
 Appellant said that he carried the whiskey to Barlow because he was sick and was his friend; that he did not care for it for his own use as a beverage; that he had known Barlow for a long time and stayed at his house a great deal. He also said: “I told these men that the whiskey was mine. I told them that the car was mine and it was my whiskey.” Appellant said that he drank some of the whiskey and might have drunk more of it that day if they hadn’t gotten it away from him.
 

 Much of the statement of facts is devoted to the transaction in which the assault was made upon the appellant in an effort to get him to divulge the source from which the whiskey came.
 

 The court instructed the jury that it was unlawful for any person to transport intoxicating liquor. No mention was made of any of the exceptions. Objections were urged to the charge because it failed to instruct the jury that it would not be unlawful to transport intoxicating liquor for medicinal purposes. Requested charges were also presented and refused. In our opinion, the issues were raised by the evidence. If, before or after reaching the home of Barlow, the liquor was carried by appellant for beverage purposes, his conviction could be sustained, hut we think his purpose throughout was one of fact for the jury to solve. See Lewis v. State, 263 S. W. Rep. 923, and cases there cited.
 

 The judgment is reversed and the cause remanded.
 

 Reversed, and remanded.