## V. J. LOVE V. THE STATE.

No. 9739. Delivered March 17th, 1926.

**1.—Transporting Intoxicating Liquor—Evidence Erroneously Excluded.**

Where, on a trial for transporting intoxicating liquor, appellant having testified that an old friend named Pratt had given him five dollars and asked him to bring him some whiskey, it was error to refuse to permit appellant to further testify that Pratt told appellant at the same time that he desired the whiskey for medicinal purposes.

**2.—Same—Evidence—Rule Stated.**

It is well settled, both by statutory enactment and many decisions of this court, that when a part of a conversation is given in evidence by one party, the whole on the same subject may be inquired into by the other. See Art. 811, Vernon's C. C. P. and authorities there cited.

**3.—Same—Medicinal Purposes—Rule Stated.**

It is not unlawful to transport intoxicating liquor for medicinal purposes, and such transportation is not restricted to the personal use of the accused. Such a limitation would seem inconsistent with the intent of the Legislature in permitting its transportation for medicinal purposes. A far more reasonable interpretation would be that the well might transport medicine to the sick and not that the sick go in person for the remedy. Following Lewis v. State, 263 S. W. 923 and authorities there cited.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty one year in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful transportation of intoxicating liquor and the punishment is one year in the penitentiary.

The record discloses that the appellant and one Marks went to McLennan county and brought back from there to the town of Hillsboro three one-half gallon fruit jars containing whiskey. The testimony of the appellant and of the state witness on cross examination is to the effect that one-half gallon of the whiskey belongs to the appellant and one-half gallon to the state witness Marks and one-half gallon to Arthur Pratt. The appellant and Marks each testified that the one-half gallon belonging to each of them was transported for medicinal purposes. The state proved by the witness Marks that just before he and the appellant left Hillsboro to go after the liquor that he saw Pratt deliver to the appellant five dollars and that he heard Pratt say to the appellant at the time that he, Pratt, would appreciate it if they would bring him some whiskey. The record discloses that the appellant took the stand and while testifying as a witness in his own behalf testified among other things that he and Pratt had been intimate friends for

many years and that when the said Pratt gave him the five dollars and asked him to bring him some whiskey, as testified to by the witness Marks, appellant offered to testify, and the bill of exceptions shows that if permitted he would have tes-tified that as a part of this conversation and at the same time and place the said Pratt told appellant that he needed the whiskey to be used as medicine and wanted the appellant to bring him the whiskey for that purpose. The state objected to the appellant testifying as to why Pratt said he wanted him to bring him the whiskey. The state objected to this testimony on the ground that it would be hearsay and an assumption and that neither the witness nor Pratt were shown to be com-petent to determine why Pratt would need the whiskey. The state's objection to this testimony was sustained and the appel-lant was not permitted to testify as to the conversation that took place between Pratt and the appellant as to why Pratt wanted the appellant to bring him the whiskey.

The court's ruling in this matter was clearly error. Art. 811, Vernon's C. C. P. provides that when part of a conver-sation is given in evidence by one party, the whole on the same subject may be inquired into by the other. Under this article in Vernon's Code will be found many cases cited con-struing this article of the statute. We think that no case can be found that would sustain the trial court's ruling in the matter. The testimony excluded was not only admissible, but highly material to the appellant's defense. Lewis v. State, 263 S. W. 923. We quote from the opinion in that case:

"In the act of the Legislature on the subject, it is declared that it shall not be unlawful to transport intoxicating liquor for medicinal purposes. Neither in the constitution nor in the statute is there, in our opinion, warrant for restricting such transportation to the personal use of the accused. Such a limitation would seem inconsistent with the intent of the Legislature in permitting its transportation for medicinal pur-poses. A far more reasonable interpretation would be that the well might transport medicine to the sick and not that the sick go in person for the remedy."

Presiding Judge Morrow cites many Texas decisions sustain-ing the rule announced. In the instant case we are satisfied that the appellant had the right to introduce any testimony available to him showing that the liquor was transported for the purpose of being used for medicine, either for himself or for someone else. The question of its weight and credi-bility was one for the jury, but under the authorities in this

state its admissibility is not open to doubt. It is proper to say that in this case Pratt was known to appellant to be afflicted with tuberculosis.

Other matters presented may not arise in the same form in the event of another trial. For the court's error, as above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

I agree to this reversal and that the exclusion of the testimony was error, and that if admitted its weight and credibility are for the jury, but am unwilling to assent to any conclusion, if such can be drawn, that because the accused in a given case says that A, or A, B and C asked him to bring them intoxicating liquor for use as medicine, the jury or this court should hold him justified in such transportation.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.