## Commonwealth *v.* Clymer, Appellant.

*Constitutional law—Title of act—Practice of medicine—License—Act of May 18, 1893, P. L. 94—Criminal law.*

The Act of May 18, 1893, L. P. 94, entitled "An Act to establish a Medical Council, and three State Boards of Medical Examiners, to define the powers and duties of said Medical Council and said State Boards of Medical Examiners, to provide for the examination and licensing of practitioners of medicine and surgery, to further regulate the practice of medicine and surgery, and to make an appropriation for the Medical Council," is constitutional, and gives sufficient notice of the provision contained in sec. 14 of the act making a violation of the provisions of the act, relating to the practice of medicine without a license, a misdemeanor.

On a prosecution for practicing medicine without a license, a clerk in the office of the state superintendent of public instruction may testify that he had examined the record of the state medical council, and that he had not found the defendant registered therein; and this is especially the case where the record produced from the office of the prothonotary shows that none of the papers filed by the defendant for the purpose of registration was a license issued by the medical council of the state, and that in the affidavit filed by the defendant in the prothonotary's office the clauses of the blank relative to the state license had been all erased.

In a prosecution for practicing medicine without a state license, it is not necessary for the court to instruct the jury as to the law of costs in case of acquittal.

Argued Feb. 4, 1907. Appeal, No. 71, Jan. T., 1906, by defendant, from judgment of Superior Court, Oct. T., 1905, No. 217, affirming judgment of Q. S. Lehigh Co., April T.,

1905, No. 35, on verdict of guilty in case of Commonwealth
v. R. S. Clymer.   Before Mitchell, C. J., Fell, Brown, Mes-
trezat and Stewart, JJ.   Affirmed.

Appeal from the Superior Court.

The opinion of the Superior Court, Rice, P. J., was as
follows :

It is argued that the Act of May 18, 1893, P. L. 94, is un-
constitutional, because the subject of legislation is not clearly
expressed in the title.   The particular objection is that the
title gives no notice of the provision, contained in the four-
teenth section, making a violation of any of the provisions of
the act, especially those relating to practicing medicine or
surgery without license and registration, a misdemeanor pun-
ishable by fine.   Inasmuch as the subject of legislation as ex-
pressed in the title is the examination and licensing of practi-
tioners of medicine and surgery, and the further regulation of
the practice of medicine and surgery, anyone would naturally
suppose from reading the title that the act not only provided
for the licensing of such practitioners but declared the conse-
quences of practicing without complying with its provisions.
" For," as Blackstone says, " it is but lost labor to say, ' do
this, or avoid that,' unless we also declare, ' this shall be the
consequence of your noncompliance.'   We must therefore ob-
serve, that the main strength and force of law consists in the
penalty annexed to it : " 1 Bl. Com. 57.   It is not to be sup-
posed that this would be omitted from such legislation as is
described in this title, and anyone reading it would be led to
look into the body of the act to see what consequences it
attaches, penal or otherwise, to noncompliance with its pro-
visions.   The fact that a title as broad as this does not ex-
pressly declare that a violation of the provisions of the act is
made a penal offense is not a valid objection.   This has been
decided in numerous cases wherein the precise question has
been duly considered; and Mansfield's Case, 22 Pa. Superior
Ct. 224, which is cited by the appellant's counsel as authority
for a different conclusion, is not in conflict with them, as an
examination of Judge Porter's opinion will show.   Amongst
these cases are Commonwealth v. Sellers, 130 Pa. 32 ; Com_

monwealth v. Silverman, 138 Pa. 642; Commonwealth v. Muir, 1 Pa. Superior Ct. 578 ; s. c., 180 Pa. 47 ; Commonwealth v. Moore, 2 Pa. Superior Ct. 162 ; Commonwealth v. Jones, 4 Pa. Superior Ct. 362; Commonwealth v. Beatty, 15 Pa. Superior Ct. 15 ; Commonwealth v. Rothermel, 27 Pa. Superior Ct. 648. The constitutionality of the act was under consideration in Commonwealth v. Finn, 11 Pa. Superior Ct. 620, and again in In re Registration of Campbell, 197 Pa. 581.    In the latter case the sufficiency of the title as notice of the provision for registration was affirmed in a statement of general principles which fully covers the objection raised in this case.    ·

The admission of the testimony of a statistical clerk who assisted in keeping the records of the medical council and the state board of medical examiners, that he had examined them and could not find the name of R. S. Clymer therein was not prejudicial error, even though this mode of proving the contents of the record was open to objection.    In view of the fact that these records are voluminous and are kept at Harrisburg, and of the great inconvenience that would be caused by compelling their production for the inspection of the jury we are not prepared to declare that this testimony was admissible ; but it seems unnecessary to go into a discussion of that question because according to the doctrine of Commonwealth v. Wenzel, 24 Pa. Superior Ct. 467, and in view of the state of the record produced from the prothonotary's office, it was not incumbent upon the commonwealth in the first instance to prove that the defendant had no license.

The fact that the defendant practiced medicine as alleged in the indictment was established by abundant testimony and was not in dispute.    The legal question was whether he had a right to do so; to be more explicit, whether he had complied with the provisions of the act of 1893.    The record produced from the office of the prothonotary, taken in connection with the uncontradicted testimony of the deputy, showed that none of the papers exhibited by the defendant for the purpose of registration was a license issued by the medical council of Pennsylvania, and no such license was produced on the trial, or was proved and its nonproduction accounted for.    Moreover, in the affidavit filed by the defendant, with these papers the clauses of the blank relative to the exhibition of a license

issued by the medical council, and to compliance with the provisions of the act of 1893, were all erased, thus showing that the defendant was careful not to assert that he had any such license, or that he had complied with the provisions of the act. In view of these facts the court was justified in expressing to the jury his opinion as to what the verdict should be. It is often permissible and sometimes advisable for a judge in his charge to the jury to express an opinion upon the facts, provided he does it fairly and does not give a binding direction as to them : Commonwealth v. Winkelman, 12 Pa. Superior Ct. 497 and cases there cited. It is even more appropriate for him to do so where the case depends as fully as this did upon questions of law and the construction of public records. We are not convinced that the judge went farther than he was warranted in doing, indeed, even if he had still more explicitly instructed the jury that the record produced from the prothonotary's office showed that the defendant did not exhibit to the prothonotary a license issued by the medical council of Pennsylvania, we cannot say that this would have been error.

The complaint that the court should have instructed the jury as to the law of costs in case of acquittal is without merit. No such instructions were asked and it was not important for the jury to know what the law was upon that subject in the event of their finding the defendant guilty. We have no right to suppose that if the judge had charged them fully upon that subject their verdict would have been different.

All the assignments of error are overruled, the judgment is affirmed and the record is remitted to the court below to the end that the sentence be carried into effect.

*Error assigned* was the judgment of the Superior Court.

*James L. Schaadt* and *C. Oscar Beasley*, for appellant.

*H. W. Schantz*, district attorney, and *A. G. Dewalt*, for appellee.

PER CURIAM, April 1, 1907 :
Judgment affirmed on the opinion of the Superior Court.