### L. A. FULLER v. THE STATE.

No. 7365. Decided October 17, 1923.

**Transporting Intoxicating Liquor—Companion Case—Permit.**

The law does not penalize the transportation of liquor without a permit, and whether such transportation was *bona-fide* for medicinal purposes or not was a question of fact, and could be contested by the State; but the court cannot refuse to submit the issue to the jury, this being the rule announced in a companion case, the judgment must be reversed and remanded. Following Mayo v. State, 92 Texas Crim. Rep., 624.

Appeal from the District Court of Milam. Tried below before the Honorable John Watson.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

*U. S. Hearrell,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *A. J. Lewis,* for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Milam County of unlawfully transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The legal question upon which the decision of this case hinges is identical in effect with that involved in No. 7363. Horak v. State, this day decided. That appellant transported in his buggy four quarts of liquor which he claimed to have just bought, is without dispute. He swore that he had gotten it and was transporting it for medicinal purposes only and because of a lung trouble. He asked that the jury be told that if he was transporting said liquor for medicinal purposes he should be acquitted. The learned trial judge refused to submit said issue apparently because appellant had no permit to so transport such liquor. The law does not penalize the transportation of liquor without a permit, and no such charge was made in the indictment. Whether such transportation was bona fide for medicinal purposes or not, was a question of fact. The State was not bound to accept appellant's testimony or claim that he got said liquor for medicinal purposes but might have combated said proposition by showing for instance that he had no such disease, or that whisky was not medicine, or that it had no curative power, or that appellant had gone to no physician for a prescription, or that the quantity he had precluded the idea that it was being transported for medicine, and if it could have such purpose, etc., etc., but the court cannot refuse to submit the issue as to whether such liquor is being transported for medicinal purposes, when fairly raised by the proof. Mayo v. State, 92 Texas Crim. Rep., 624, 245 S. W. Rep., 241.

For the error above mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*