## L. A. Fuller v. The State.

No. 8931.   Delivered May 13, 1925.

Rehearing denied June 17, 1925.

1.—Transporting Intoxicating Liquor—Charge of Court—Invited Error.

Where the court's main charge on an issue may be subject to criticism, if appellant requests a charge on the same subject more onerous than the one contained in the main charge, under the doctrine of invited error, he is estopped from complaining of an instruction which was more favorable than the one given at his instance.   See authorities collated under Sec. 1946 Branch's Ann. Tex. P. C.

ON REHEARING.

2.—Same—Facts Proven—Weight of Evidence—For Jury.

What facts are proven, the weight to be given the evidence, and the credibility of the witnesses are all within the province of the jury.   The jury is never compelled to accept the testimony of any witness as true, even though undenied.   The reasons for this are fully stated in the opinion on rehearing in the Hawkins case No. 8599 delivered April 8, 1925.

Appeal from the District Court of Milam County.   Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, fifteen months in the penitentiary.

The opinion states the case.

*B. P. Matocha,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor.   Punishment, fifteen months in the penitentiary.

This is the second time this case has been before us.   The opinion on the other appeal is reported in 95 Texas Crim. Rep. 476, 255 S. W. Rep. 192.

The sheriff observed defendant driving a buggy along the streets of Cameron. After he left the buggy the sheriff went to it and found under the seat four quarts of whiskey wrapped in a sack. Defendant claimed to have bought it for medicinal purposes. He testified that his family physician had advised him to use whiskey, eggs and sweet milk, and sleep in the open. The doctor testified that he had at one time advised defendant to use some whiskey for medicinal purposes but had never given him a prescription for any On cross-examination is developed that this medical advice was given about twelve years ago at the time of open saloons.

Although the court granted sixty days after adjournment of the term to file bill of exception, and at defendant's request gave an additional extension of fifteen days, still we find no bills in the record.

Written objections were presented to the charge upon the issue of whether defendant was transporting the whiskey for medicinal purposes. As framed the charge may be subject to the criticism pointed out in Jones v. State, 96 Texas Crim. Rep. 332, 257 S. W. Rep. 895, but the record does not call for a reversal on that account. Defendant requested and the court gave a special charge much more onerous than the one contained in the main charge upon the same subject, and under the doctrine of invited error is estopped from complaining of an instruction which was more favorable than one given at his instance. (See authorities collated under Sec. 1946, Branch's Ann. P. C.)

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We feel sure the criticism of the charge was properly disposed of in our former opinion. Relative to the contention that because appellant testified he was transporting the whisky for medicinal purposes, the State is foreclosed on such issue. we would observe that neither the State nor the jury were bound to accept such evidence as true. The reasons are very fully stated in Hawkins v. State, (No. 8599, opinion on rehearing, April 8, 1925.)

The motion for rehearing is overruled.

*Overruled.*