## Commonwealth v. Berdenella, Appellant.

*Intoxicating liquors—Unlawful possession—Use for medicinal purposes—Purchase without prescription—Act of March 27, 1923, P. L. 34—Act of Congress (Act of October 28, 1919, c. 85, Barnes Federal Code, Section 8351-e.)*

Where in the trial of an indictment under the Act of March 27, 1923, P. L. 34, for the unlawful possession of intoxicating liquors, the defendant admits he purchased the liquor in 1925 without a physician's prescription, it is no defense that it was procured and used for external medicinal purposes only.

While the Act of 1923 makes no provision for the regulation of sales of intoxicating liquors for medicinal purposes by pharmacists on the prescription of physicians and surgeons, it recognizes the Act of Congress (Act of October 28, 1919, c. 85, Barnes Federal Code, Section 8351-e.) which provides therefor, and the validity of such regulation.

There can be no lawful possession of intoxicating liquors for medicinal purposes obtained since March 27, 1923, unless obtained in compliance with the Act of Congress, from a registered pharmacist on a licensed physician's prescription.

PORTER, P. J., and GAWTHROP, J., dissent.

Argued March 10, 1926. Appeal No. 122, April T., 1926, by defendant, from judgment and sentence of Q. S. Cambria County, June Sessions, 1925, No. 145, in the case of Commonwealth of Pennsylvania v. Frank Berdenella. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for the unlawful possession of intoxicating liquors. Before REED, P. J. O. C., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court.

*Edward Knuff,* and with him *F. J. Hartmann,* for appellant.

*D. P. Weimer,* for appellee.

OPINION BY KELLER, J., April 19, 1926:

The first section of the Act of March 27, 1923, P. L. 34, concerning alcoholic liquors, declares, "That this entire act is an exercise of the power granted by Amendment XVIII of the Constitution of the United States, and of the police power of this Commonwealth for the protection of the public welfare, health, peace, safety and morals of the people of this Commonwealth —and all of its provisions shall be liberally construed for the accomplishment of these purposes." This court has consistently interpreted the act in the light of the provisions of the foregoing section.

The question involved in this appeal is a narrow one, but of great importance in the administration of the laws enacted by this Commonwealth in enforcement of the 18th Amendment.

Appellant was indicted for the unlawful possession of intoxicating liquors contrary to the provisions of the Act of March 27, 1923, supra, and convicted. There was ample evidence to sustain the conviction; appellant's only complaint is to the charge of the court.

On the part of the Commonwealth it was proved that three quarts of whiskey were found by police officers

at appellant's home. He admitted that it belonged to him, was intoxicating and was what was left of a gallon of whiskey which he had purchased sometime in January, 1925, and since the passage of the Act of 1923 aforesaid. He testified that his purpose in buying the whiskey was to rub it on his legs for rheumatism and denied having used any of it for beverage purposes. He admitted that the liquor had not been purchased on a physician's prescription.

The court below, in its charge, used the following language, which is assigned for error: "Where, in a criminal prosecution the defendant is charged with the unlawful possession of intoxicating liquor, and the defendant's defense is that the liquor was possessed for medicinal purposes only, that is no defense when the defendant admits he did not procure the intoxicating liquor on a physician's prescription." We are of the opinion that in view of the defendant's own testimony this excerpt of the charge was not improper.

The Act of 1923 declares it unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess or deliver within, import into or export out of this Commonwealth any intoxicating liquor for beverage purposes, except as thereinafter set forth; and provides that proof of the possession of such intoxicating liquor shall be prima facie evidence that the same was acquired, possessed or used in violation of the act (sec. 3). It also provides, (sec. 13), that in any prosecution under the act when proof has been given of the manufacture, sale, transportation, possession, etc., of any intoxicating liquor, the same shall be prima facie evidence that such liquor was so manufactured, sold, transported, possessed, etc., for beverage purposes; but it is expressly declared that such latter presumption shall not apply, inter alia, to the sale of intoxicating liquor for medicinal purposes to a duly registered pharmacist, physician or surgeon, or

by any such pharmacist upon the prescription of a duly licensed physician or surgeon.

The Act of 1923 makes no provision for the regulation of sales of intoxicating liquors for medicinal purposes to pharmacists, physicians, and surgeons, or by pharmacists on the prescription of physicians and surgeons; but apparently recognizes that the Act of Congress (Act of October 28, 1919, c. 85, Barnes Federal Code, sec. 8351-e), does provide therefor, and the validity of such regulations. It certainly did not contemplate or intend the opening of the flood gates to a stream of illegal and prohibited intoxicating liquor by the device of having the law breaker declare his intention to manufacture, sell, transport or possess it for medicinal uses.

Under the Act of Congress aforesaid no person, without a permit from the Commissioner of Internal Revenue, may lawfully *purchase* intoxicating liquor for medicinal purposes, except upon a physician's prescription, (Title II, sec. 6); and this was what the framers of our state statute evidently had in mind when they exempted from the presumption that intoxicating liquor possessed by any one was for beverage purposes, such liquor as had been sold by any duly registered pharmacist upon the prescription of a duly licensed physician or surgeon. The provisions of the federal act were evidently in contemplation by the legislature when enacting our own statute in enforcement of the 18th amendment. See Com. v. Bernabei,——Pa. Superior Ct.——No. 226 October Term 1925, decided December 14, 1925, where a somewhat similar situation existed as respects narcotic drugs. The only person who can present the defense that intoxicating liquor obtained by him since March 27, 1923, was possessed for medicinal uses is one who has so acquired it lawfully, that is, one who has obtained it from a duly registered pharmacist upon the prescription of a duly licensed physician.

Any other construction would practically nullify the act, for the words "for beverage purposes" modify all the forbidden acts and practices: to wit, manufacture, sell, offer for sale, barter, furnish, transport, deliver, import and export, no less than, possess. If one who admits that whiskey in his possession was illegally sold to him without a physician's prescription may escape a conviction of illegally possessing it by saying "I don't drink it. I use it only to rub on my legs"—so may the proprietor of an illegal still, say "I admit I hold no federal distiller's permit, but I don't manufacture whiskey for beverage purposes, but only for medicinal uses." The rum-runner could likewise plead, "I have no federal permit authorizing the transportation of whiskey, but I am not transporting it for beverage purposes, but only to be used as medicine"; and the bootlegger could evade punishment by saying, "I hold no federal permit for the sale of intoxicating liquors, but I never sell whiskey to be drunk, but only for external application." Giving the Act of 1923 the liberal interpretation it calls for in aid of the enforcement of the 18th Amendment and of the police power of this Commonwealth for the protection of the public welfare, health, peace, safety and morals of the people, we are obliged to hold there can be no lawful possession of intoxicating liquors for medicinal purposes unless obtained in compliance with the Act of Congress, from a registered pharmacist on a licensed physician's prescription; and while we do not prosecute in our state courts for the infraction of the Act of Congress in unlawfully purchasing the liquor, we do proceed against the offender for the violation of our own statute against unlawful possession, if it is thereafter kept within the state.

We are aware that our decision runs counter to the rulings of the Court of Criminal Appeals of Texas, cited by the appellant in his brief; but the statutes of this Commonwealth and of the State of Texas in en-

forcement of the 18th Amendment are not alike. Furthermore, we could not agree with that court in holding (Fuller v. State, 95 Tex. Crim. Rep. 476, 255 S. W. 192), that after the defendant had been permitted to testify that he was transporting whiskey for medicinal purposes—in treating lung trouble—, the Commonwealth might have combatted the proposition by showing "that he had not such disease, or that whiskey was not a medicine, or it had no curative power for the disease in question." Our practice does not permit the introduction in the trial of such extraneous issues. We prefer to take the ground above stated.

The assignments of error are overruled and the judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence of the court.

PORTER, P. J., and GAWTHROP, J., dissent.

---

DISSENTING OPINION BY GAWTHROP, J., April 19, 1926:

My opinion as to the proper construction of the Act of March 27, 1923, P. L. 34, is so utterly at variance with that of the majority of my brethren that I am constrained to record my reasons for dissenting from the judgment. Although that act was passed to accomplish a most laudable purpose and its first section declares that all of its provisions shall be liberally construed for the accomplishment of that purpose, this furnishes no legal justification for convictions under the statute for offenses not designated therein. The act is penal and it must, therefore, "be construed strictly, and should not be extended beyond the evident intention of the legislature as expressed upon its face": Bucher v. Com., 103 Pa. 528. "When a criminal statute calls for construction it is not the construction that is supported by the greater reason that is to

prevail, but that one which, if reasonable, operates in favor of life and liberty. And right here we encounter the rule of interpretation that forbids any construction of a penal statute that would extend its meaning beyond its words": Com. v. Exler, 243 Pa. 155.

Applying these rules to the statute referred to the solution of the question presented is not difficult. The title of the act is, as it is applicable here, "An Act concerning alcoholic liquors; prohibiting the......possession of intoxicating liquors for *beverage* purposes." The third section of the act provides that "it shall be unlawful for any person to......possess......any intoxicating liquor for beverage purposes"; and the fourth section permits possession of such liquor, for *beverage* purposes, in one's bona fide private dwelling, etc., if it was lawfully acquired prior to the passage of the act. Thus far it is too plain for controversy that the act, by its title and its express language, was framed for the purpose of penalizing only the unlawful possession of liquor for *beverage* purposes. But the majority of my brethren say that this situation is changed by the thirteenth section of the act. The title of this section is designated: "Evidence-Pleadings," and the legislative declaration following is that "in any prosecution under this act when proof has been given in evidence of the......possession of any intoxicating liquor, the same shall be prima facie evidence that the same was so......possessed for beverage purposes." The section then states that this presumption shall not apply inter alia to the sale of intoxicating liquor for medicinal purposes to a duly registered pharmacist, physician or surgeon.

It will be observed that no offense is designated in this section. It relates only to the question of evidence and the presumption arising therefrom when the Commonwealth has shown that the defendant had intoxicating liquor in his possession. The presumption is

that he had it for beverage purposes, but the presumption is rebuttable. The defendant is entitled to prove, if he can, that he had the liquor for a purpose other than for use as a beverage. The statute does not make unlawful the possession of liquor for medicinal purposes or any purpose except for use as a beverage. Nor does it declare that there can be no lawful possession of intoxicating liquors for a purpose other than for use as a beverage, unless obtained in compliance with the Act of Congress. In my opinion there is no warrant in the act for the conclusion of this Court that "the only person who can present the defense that intoxicating liquor obtained by him since March 27, 1923 (the date of the act) was possessed for medicinal uses is one who has so acquired it lawfully, that is, one who has obtained it from a duly registered pharmacist upon the prescription of a duly licensed physician." By the terms of the thirteenth section of the act every defendant may rebut the presumption that his possession was for beverage purposes. The result of the decision of this Court is that in any prosecutions under the Act of 1923, for the illegal possession of intoxicating liquor, it is not necessary for the jury to find that the liquor was possessed for beverage purposes in any case in which the evidence warrants a finding that it was not obtained in compliance with the Act of Congress. Such a construction of the act renders it unconstitutional, because its title gives no notice that it prohibits a possession of intoxicating liquor for any purpose but for use as a beverage. To me it seems clear enough that the decision of the court amounts not to judicial construction but is judicial legislation.

For these reasons I would reverse the judgment and grant a new trial.

I am authorized to say that President Judge PORTER concurs in this opinion.