## Commonwealth v. Berdenella, Appellant.

*Criminal law—Intoxicating liquors—Possession — Nonbeverage purposes—Act of March 27, 1923, P. L. 34—Volstead Act, October 28, 1919, 41 St. 305—Penal statute—Strict construction—Purchase of liquors—Physician's prescription.*

1. The Snyder Act of March 27, 1923, P. L. 34, relating to the manufacture, traffic in and possession of intoxicating liquors for beverage purposes is a penal statute and must be strictly construed.

2. Nowhere in the Act of 1923 is the illegal acquirement of liquor made an offense, but the crimes defined deal solely with the manufacturing, selling or offering to sell, bartering, furnishing, possessing or delivering liquor for beverage purposes.

3. The provision of the Volstead Act of October 28, 1919, 41 St. 305, cannot be read into the Act of 1923.

4. If the sale of intoxicating liquor, or any other act in relation to it, is made the basis of a prosecution, the act complained of must be shown to be within the terms of some valid or operative statute, which was in force before the commission of the alleged offense, and which made it a crime and prescribed a penalty or punishment.

5. In a prosecution brought under the Act of March 27, 1923, P. L. 34, and not under the Volstead Act, for the illegal possession of intoxicating liquor, proof of possession raises the presumption that the liquor was to be used for beverage purposes, but the defendant has the right to rebut this and show that he intended it for medicinal use.

6. In such a prosecution, although defendant admits the possession, and that the liquor was obtained without a physician's prescription, still, he may show that the liquor was secured solely for medicinal and not beverage purposes, and that it had been used in

rubbing his legs for rheumatism, and upon the gums of his children, who were teething.

7. If the defendant can satisfy the jury that he did not possess the whiskey for beverage purposes, he is entitled to an acquittal.

Mr. Justice Schaffer filed a dissenting opinion, in which Mr. Justice Walling and Mr. Justice Simpson joined.

Argued January 11, 1927. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 30, March T., 1927, by defendant, from judgment of Superior Court, April T., 1926, No. 122, affirming judgment of Q. S. Cambria Co., June T., 1925, No. 145, on verdict of guilty, in case of Commonwealth v. Frank Berdenella. Reversed.

Appeal from judgment of Superior Court. See 87 Pa. Superior Ct. 594.

The opinion of the Supreme Court states the facts.

Judgment of quarter sessions sentencing defendant on verdict of guilty affirmed. Defendant appealed.

*Error assigned* was judgment of Superior Court, quoting it.

*Edward Knuff,* with him *F. J. Hartman,* for appellant.—The court erred in deciding that the only person who could present the defense that intoxicating liquor was possessed for medicinal purposes was one who acquired it on a physician's prescription: Com. v. Fraim, 16 Pa. 163; Fourney's License, 28 Pa. Superior Ct. 71; Eby's App., 70 Pa. 311.

We wish to point out an anomolous situation that has arisen by virtue of the decision of the Superior Court in this case. In the case of Com. v. Blackman, 82 Pa. Superior Ct. 362, the Superior Court declared the title of the Snyder Act to be valid. In Com. v. Cooper, 277 Pa. 554, 558, the Supreme Court apparently recognizes the validity of the title of this act. In the present case the

Superior Court declares the Snyder Act regulates intoxicating liquor for medicinal purposes. The Superior Court, while ostensibly upholding the Snyder Act, has left-handedly declared the act to be unconstitutional because its title gives no notice that it prohibits a possession of intoxicating liquor for any purpose but for use as a beverage, and therefore contravenes article III, section 3, of the Constitution of Pennsylvania. We feel that the construction placed upon this act is unwarranted and that the act is constitutional and the title does give a fair import of the statute, namely, the regulation of intoxicating liquors for beverage purposes.

*C. E. Davis,* for appellee, filed no printed brief.

OPINION BY MR. JUSTICE SADLER, March 14, 1927:

Defendant was indicted in the Court of Quarter Sessions of Cambria County for illegally possessing intoxicating liquor in violation of the Act of March 27, 1923, P. L. 34. At the trial, the Commonwealth proved the discovery of three quarts of whiskey in his home, which admittedly contained more than one-half of one per cent alcohol. In defense, appellant, admitting the purchase of the liquor in 1925, without a physician's prescription, explained, as did his wife, that it had been secured solely for medicinal purposes, and was used in rubbing his legs for rheumatism, and upon the gums of his children who were teething, but denied that it was intended or ever used for beverage purposes. The court instructed the jury, in part, as follows: "When, in a criminal prosecution, the defendant is charged with the unlawful possession of intoxicating liquor, and the defendant's defense is that the liquor was possessed for medicinal purposes only, that is no defense when the defendant admits he did not procure the intoxicating liquor on a physician's prescription." Timely objection was made to this statement, but the court refused to modify it, and a conviction resulted. A motion for a new trial was refused, and

sentence imposed. On appeal to the Superior Court the judgment was affirmed (Com. v. Berdenella, 87 Pa. Superior Ct. 594), and the question has by special allowance been brought here for review.

It will be noticed that this is not a prosecution under the federal Volstead Act charging an illegal purchase of liquor, of which the defendant, under the evidence, may have been guilty. Nor is it a proceeding charging illegal holding under that legislation. If that were the case, it would have been necessary for defendant to show the possession had been legally acquired through the medium of a physician's prescription, for that statute so provides, though the presumption of wrongdoing was a rebuttable one: Street v. Lincoln Safe Deposit Co., 254 U. S. 88; 10 A. L. R. 1548, and note. This indictment is based on the Snyder Act of 1923, and in determining the correctness of the ruling made we are confined to its provisions. It is true that section 1 states that it is enacted in the exercise of power granted in the 18th Amendment to the Constitution, but it nowhere attempts to incorporate the criminal provisions of the Volstead Act, or any other federal legislation.

The learned Superior Court was of belief that a liberal interpretation of the Snyder Act should be made so that proper enforcement within the Commonwealth could be secured, and, in effect, held the provisions of the Volstead Act should be read into it, so that a defendant must show not only that the liquor was not for beverage purposes, but that its possession had been legally secured by means of a physician's certificate, requirements which we will later show are not to be found in the legislation under which defendant was indicted. This was on the theory that the general policy of the State required such broad interpretation so that any traffic in, or use of, intoxicating liquors might be restrained.

Justice SHARSWOOD said, in Dame's App., 62 Pa. 417, 422: "The moment we depart from the plain words of

a statute according to their ordinary and grammatical meaning, in a hunt for some intention founded on the general policy of the law, we find ourselves involved in a sea of troubles." Justice FIELD remarked, in Hadden v. The Collector, 5 Wall. 111, "What is termed the policy of government with reference to any particular legislation is generally a very uncertain thing, upon which all sorts of opinions, each variant from the other, may be formed by different persons. It is a ground much too unstable upon which to rest the judgment of the court in the interpretation of statutes." And Justice STEWART declared, in Com. v. Exler, 243 Pa. 155, 162, "When a criminal statute calls for construction it is not the construction that is supported by the greater reason that is to prevail, but that one which, if reasonable, operates in favor of life and liberty......And right here we encounter the rule of interpretation that forbids any construction of a penal statute that would extend its meaning beyond its words. No person is to be made subject to a penal statute by implication, all doubts concerning their interpretation are to preponderate in favor of the accused......The doctrine is that, when an offense is created by statute, and the same statute prescribes the penalty or the mode of procedure or anything else of the sort, only that which the statute provides can be followed."

"Offenses against the liquor laws, such as illegal sales of intoxicants, keeping liquor in possession with intent to dispose of it unlawfully, illegally transporting liquor from place to place, and the like, are statutory crimes, not being indictable or punishable at common law. It is therefore a general rule that, if a sale of intoxicating liquor, or any other act in relation to it, is made the basis of a prosecution, the act complained of must be shown to be within the terms of some valid or operative statute, which was in force before the commission of the alleged offense, and which made it a crime and prescribed a penalty or punishment": 33 C. J. 575.

The Snyder Act is penal and must therefore be strictly construed. And it is needless to cite authorities to show it could not be constitutionally enforced except as to matters set forth in the title, or germane thereto. The words there used are, "Concerning alcoholic liquors; prohibiting the manufacture, advertising, furnishing, traffic in and possession of intoxicating liquors for *beverage* purposes, and articles and substances designed or intended for use in the manufacture thereof," with other phrases immaterial to this discussion. When we turn to the forbidden acts which are penalized, we find, in section 3, the prohibited possession of liquor is that for beverage purposes, and the same limitation is found in section 4, but even the possession of liquor for beverage purposes is not in all cases made unlawful; for example, intoxicants acquired before the act may be lawfully kept by the owner or his representative in the dwelling house in which he lived when the act was passed, or in a building which thereafter may become his bona fide residence as contemplated by section 2, paragraph [d], and section 4. Nowhere in the act is the illegal acquirement of liquor made an offense, as in the Volstead Act, but the crimes defined deal solely with the manufacturing, selling or offering to sell, bartering, furnishing, possessing or delivering, liquor for beverage purposes.

It has been suggested that a consideration of section 13 might justify a different view, but to this we cannot agree. That paragraph is headed, "evidence and pleadings," and defines no criminal offense whatever. It provides that possession of liquor shall be prima facie evidence that it was secured for beverage purposes, but this is a rebuttable presumption: Hawes v. Georgia, 258 U. S. 1; New Hampshire v. La Pointe, 133 Atl. 692, 31 A. L. R. 1212, note 1222. It does say that the presumption shall not apply at all if the party has a physician's certificate authorizing purchase, but does not declare that a possessor of liquor for medicinal purposes must show that he acquired it in that way. In a prosecution under

the Volstead Act, proof of a legal acquirement in that manner would be required, but there is nothing in the Snyder Act which justifies a conclusion that such fact must be established to successfully defend.

The proof of possession by the defendant raised the presumption that the liquor was to be used for beverage purposes, and the defendant had the right to rebut this (33 C. J. 743), and show that he intended a medicinal use. It was for the jury to pass upon the correctness of the version given, and the court below should have so instructed. We have been unable to find precedents where a like question was presented, except in Texas. There the enforcement act provided liquor could only be acquired on prescriptions of physicians, but the act failed to penalize transporting for lawful purposes. The lower court was reversed for refusing to allow defendant to show the liquor was intended solely for medicinal use: Mayo v. State, 245 S. W. 241; Fuller v. State, 255 S. W. 192; Warren v. State, 250 S. W. 429; Lewis v. State, 263 S. W. 923; Hannon v. State, 259 S. W. 1083.

In Whitehead v. Com. (Ky.), 233 S. W. 890, where the statute made it an offense to possess and keep for sale, the court said in part, reversing the judgment below: "It will be observed that proof of the bare possession of spirituous liquors casts the burden of proving that it is being kept for a lawful purpose upon the possessor. The statute does not preclude a defense to the offense charged in this indictment, from the fact that the liquor was unlawfully acquired, because, however acquired, if it was not kept for sale, the defendant cannot be convicted...... The statute having cast upon the possessor of liquor the burden of proving that he has it for a lawful purpose, it is important to a possessor to have the law given to the jury which justifies him in having it in possession for a purpose which is lawful."

The defendant here can be convicted solely of the crime of possessing for beverage purposes, as defined in the Snyder Act. He has the right to rebut the presump-

tion raised against him as expressly provided in that legislation. He should have been permitted to do so, and the court should have charged the jury it was a good defense, if the proof met the prima facie case and was believed. In refusing to so instruct prejudicial error was committed which requires a reversal. As before noted, this is not a prosecution under the Volstead Act, nor is there any justification in the wording of the Snyder Act for reading the terms and provisions of the former into it. If the defendant could satisfy the jury he did not possess the whiskey for beverage purposes he was entitled to an acquittal.

The judgments of the Superior Court and of the Court of Quarter Sessions of Cambria County are reversed, and the record is remitted to the latter tribunal with directions to grant a new trial.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER.

Being of the opinion that, when the trial judge instructed the jury "Where, in a criminal prosecution, the defendant is charged with the unlawful possession of intoxicating liquor, and the defendant's defense is that the liquor was possessed for medicinal purposes only, that is no defense when the defendant admits he did not procure the intoxicating liquor on a physician's prescription," he correctly stated the law, since only thus could it legally be obtained for that purpose, and that the Superior Court, interpreting the provisions of the Act of March 27, 1923, P. L. 34, one of which is that "All of its provisions shall be liberally construed" correctly held that "The only person who can present the defense that intoxicating liquor obtained by him since March 27, 1923, was possessed for medicinal use is one who has so acquired it lawfully, that is, one who has obtained it from a duly registered pharmacist upon the prescription of a duly licensed physician," I would affirm the trial court and the Superior Court, and, therefore, dis-

sent from the reversal of their judgments and the grant of a new trial.

Mr. Justice WALLING and Mr. Justice SIMPSON join in this dissent.