## Commonwealth v. Donovan.

*Liquor law—Search warrants—Probable cause.*

1. A search warrant in a liquor case will not be quashed because the officer taking it out has no personal knowledge of the sale of liquors by defendant, if it appears that probable cause for its issue was based on the information of such sales by credible witnesses.

2. Com. v. Schwartz, 82 Pa. Superior Ct. 369, is not overruled by Com. v. Berdenella, 288 Pa. 510.

Rule to quash search warrant and suppress evidence secured by means of the same. Q. S. Erie Co., Sept. T., 1927, No. 65.

*M. L. Davis*, District Attorney, for plaintiff; *S. T. Rossiter*, for defendant.

ROSSITER, P. J., Aug. 30, 1927.—On June 20, 1927, a rule to show cause was granted upon the petition of the defendant, setting forth that, on May 4, 1927, he was arrested upon a warrant issued upon information for the possession of intoxicating liquor for beverage purposes; that the information was based upon evidence secured upon a search warrant, which search warrant was issued upon a complaint, a copy thereof being attached to the petition as Exhibit "A;" that defendant had a hearing and was bound over to answer at the next term of Court of Quarter Sessions. He further avers that the search warrant was issued illegally and unlawfully and upon insufficient grounds

Commonwealth *v.* Donovan.

and reasons therefor; wherefore he prays that the search warrant be quashed and the evidence secured suppressed.

The Commonwealth filed an answer, admitting the arrest, admitting that Exhibit "A," attached to the petition, was a copy of the complaint upon which the search warrant was issued, and that defendant had a hearing before a magistrate and was bound over to answer at the next term of Court of Quarter Sessions; but denied that the petition was "sufficient, for the reason that it fails to allege that the liquor seized was the legal property of the petitioner or that the seizure in any way adversely affected the petitioner's interest." The answer "further avers that the petitioner has shown no reason for the quashing of the search warrant or for an order to suppress the evidence secured by means thereof; and, therefore, prays the court to refuse the prayer of the petitioner."

The officer making the complaint as the basis for a search warrant testified, at the hearing before the magistrate, as follows: "Q. What, if any, knowledge of any sale upon the premises did you have? A. Not any. Q. You had no knowledge when you made the affidavit for the search warrant of any sale being made upon the premises? A. Never had. Q. And no evidence of the premises being used for sale? A. No evidence of the premises being used for sale."

It was admitted by the district attorney that the officer had so testified.

The theory of the defendant is that, if the case of Com. *v.* Schwartz, 82 Pa. Superior Ct. 369, is still the law, it is controlling; but that the case of Com. *v.* Berdenella, 288 Pa. 510, if not directly, at least inferentially and just as positively as though directly, overrules that case and establishes an interpretation for the Act of March 27, 1923, P. L. 34, which is directly opposite and antithetical to the principle announced in the Schwartz case; and, hence, the conclusion reached in the Schwartz case, being deduced from a false hypothesis, fails. In other words, the contention of the defendant is that the Berdenella case holds that the Act of 1923, being a penal act, should be strictly construed, while the Schwartz case holds that it should be liberally and beneficially expounded. This they do in just so many words.

We do not pretend to understand where or how the legislature got its right to dictate to the courts how they should interpret statutes. Our idea has always been that this Government was a triumvirate and that the functionings of each part of the trinity was integral. Neither do we pretend to understand why the Commonwealth should be permitted to take advantage of its own wrong when that doubly doubtful privilege is denied to all others, either natural or artificial. Nor do we pretend to understand why the 4th article of the Constitution of the United States does not apply to or protect the "people" of Pennsylvania, nor why a court, "a place where justice is judicially administered," should relegate one found to be injured therein to another forum for redress, nor why a citizen should be convicted in one court on circumstances that would acquit him in another, or, conversely, why he should be convicted in both courts, or twice for the same offence, and it would be impertinent for us to discuss it.

While we do not pretend to understand these rulings, yet we do understand that the Berdenella case, *supra*, did not directly reverse the Schwartz case. Had it intended to do so, it would certainly have said so, and, hence, we are still bound by the Schwartz case; and, therefore, the rule granted June 20, 1927, to "quash the search warrant and suppress all evidence secured by means of the same," is now, Aug. 30, 1927, discharged.

From Otto Herbst, Erie, Pa.