## Commonwealth of Pennsylvania *v.* Hastings, Appellant.

390

Before HENDERSON, TREXLER, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ.

.John E. McDonough, for appellant.·

William B. McClenachan, Jr., Assistant District At-
torney, and with him William Taylor, former District
Attorney, and William J. MacCarter, Jr., District At-
torney, for appellee.

OPINION BY TREXLER, J., November 21, 1928:

The defendant was found guilty of po'ssessing in-
toxicating liquor. A raid or search was made of the
bar-room in charge of the defendant. He was behind
the bar and two or three other persons were in the
room. There was a heavy wire screen on the door
and the officers could not get in. They knocked and
waited, the defendant looked at them for about a half
a minute, walked toward the other end of the bar and
came back and opened the door and let them in. Be-
hind the bar there was a trough or sink with four or
five inches of water in it and standing in this water
was a pitcher in which was contained a liquid having
9.9 per cent. ethyl or beverage alcohol. What this

particular liquid was the Commonwealth did not show, nor was any inquiry made, by either side, of the chemist who testified as to its contents. There was no evidence as to what actually was in the pitcher other than that it had a certain alcoholic content.

The defendant stated that he was washing the pitcher when the officers came in and that the liquid which was taken by the officers was taken out of the trough where defendant washed glasses and other stuff. There is a direct contradiction in regard to this matter, the officers stating that they took the contents of the pitcher and did not take anything out of the trough, that the trough contained water and that the full pitcher was standing in the trough. The defendant offered no evidence as to the contents of the pitcher. His answer to the question "was the contents of that tank fit for beverage purposes?" was, "I would not want to drink it."

The defendant argues that the Commonwealth has failed to establish its case in that there is no evidence that the commodity possessed any of the things specifically declared to be intoxicating liquor or that it was fit for beverage purposes and that there was no evidence as to what the contents of the pitcher was except that it contained 9.9 per cent. beverage alcohol. Any liquid which contains more than one-half of one per cent. alcohol is intoxicating according to the standards set by the Volstead Act. (Section 2 of the Act of 27th March, 1923, P. L. 34, commonly known as the Snyder Act.) So we start out with the presumption that having a greater content of alcohol than is allowed by law, the liquor was intended for beverage purposes. See section 13 of the above act, which provides that the sale, possession, etc., of any intoxicating liquor shall be prima facie evidence that it was intended for beverage purposes and the end of the section provides that "It shall be unnecessary in any complaint, information, indictment, or other pleadings

to negative any proviso or exception contained in this act."

It is true that the presumption does not apply to liquors for medicinal and certain other purposes which are enumerated in said section or to liquor which is unfit for beverage purposes, but the burden is upon the defendant to show that he comes under one of the excepted classes. If the defendant in this case could have satisfied the jury that he did not possess the intoxicant for beverage purposes, he would have been entitled to an acquittal. Com. v. Berdenalla, 288 Pa. 517. That this is the duty imposed upon the defendant when he seeks to show that he comes under the exceptions contained in the law appears in many cases, among them being: Com. v. Wenzel, 24 Pa. Superior Ct. 467; Com. v. Clymer, 30 Pa. Superior Ct. 61; s. c. 217 Pa. 302; Com. v. Vigliotti, 75 Pa. Superior Ct. 366, 374; Com. v. Jobe, 91 Pa. Superior Ct. 110.

If the Commonwealth's witnesses are to be believed, the defendant offered no explanation as to the contents of the pitcher. His testimony related only to the contents of the sink. It was for the jury to give such credit to defendant's narrative as they thought it deserved. They were not bound to believe him. The fact that he had a bar where people were accustomed to resort for beverages; that this so-called slop was found in a pitcher, a vessel not usually employed for such purpose and that it was thus kept instead of being poured away, these and other inferences which may suggest themselves were for the jury and we all agree that the case was properly tried and that the verdict was justified.

The assignments are overruled and the judgment of the lower court is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be

there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.