Commonwealth of Penna. *v.* Rupert, Appellant.

Argued March 2, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*E. J. Mullen,* for appellant.

*H. R. Stees,* for appellee.

Opinion by Cunningham, J., March 13, 1931:

This appeal by the defendant from his conviction under an indictment charging him with the unlawful possession of intoxicating liquor for beverage purposes is without merit. There was little controversy at the trial as to the facts upon which the prosecution was based. The assignments charge error in the admission of certain testimony over the objection of appellant, the exclusion of evidence offered by him, erroneous instructions to the jury, the refusal to direct a verdict of acquittal and the overruling of motions for a new trial and in arrest of judgment.

From an examination of the record we gather these material and undisputed facts: On the night of February 21, 1930, Corporal Newman of the State Police, accompanied by another state policeman and two

·police officers of the Borough of Bloomsburg, in executing a search warrant, made an examination of the hotel conducted by appellant in that borough. Behind the bar in the room formerly used as the barroom (but now ostensibly equipped as a lunch room and place for the sale of soft drinks) they found several beer taps, one of which was connected by coils with a half barrel of an alleged cereal beverage, described by appellant as "near" beer, placed in a refrigeration vault in the cellar, in which vault was also found another full and untapped half barrel. Newman, with the assistance of appellant, drew from the spigot and placed in a bottle a specimen of the beverage on tap. Under the top of the bar was found a 16-ounce bottle about one-half full of a liquid—apparently whiskey. This bottle, with its contents, and the one containing the beer were kept by Newman in his possession until the forenoon of the next day when both were delivered by him to William V. Moyer, a chemist. Within forty-eight hours after receiving the samples the chemist made an analysis of each and placed the bottles, with their remaining contents, in a vault in his drug store. Several weeks later this vault was broken open during the night and the samples taken from the possession of appellant stolen; bottles containing samples from other sources were broken and the contents spilled on the floor.

At the trial the chemist was permitted, over appellant's objection, to testify from the notes made by him at the time of the analyses that the beer contained "3.86% of absolute alcohol by volume" and the whiskey 46%. He also stated that he had an independent recollection of the alcoholic contents of the samples because of the inquiries made of him by a brother of appellant and other persons as to the results of his analyses. The witness fully accounted for his inability to produce any part of the samples in court by a detailed state-

ment of the manner in which his vault had been broken open and the samples removed. Under the circumstances here present, it was proper to permit him to testify to the alcoholic contents of the seized specimens: Com. v. Caulfield, 27 Pa. Superior Ct. 279.

Different defenses were offered by appellant with respect to the possession of the beer and the whiskey. As to the beer, his contention was that he honestly believed it was "near" beer containing less than one-half of one per cent. of alcohol, which belief was grounded upon the fact that it had been so represented to him by the Stegmaier Brewing Company, from which he purchased it, and which company had placed upon each half barrel a label reading:

"Does not contain ½ of 1 per cent. of alcohol by volume. Stegmaier Brewing Company, Wilkes-Barre, Pa. Permit Pa. L 56."

The permit referred to is apparently one granted under the Act of February 19, 1926, P. L. 16. These labels were produced and offered in evidence by appellant but excluded by the trial judge, which ruling is the basis of one of the assignments of error. It is not a defense to a prosecution for the illegal possession of intoxicating liquor that the defendant did not know the beverage contained more than one-half of one per cent. of alcohol by volume or believed that it contained less. The Commonwealth was not required to show that the forbidden act had been knowingly or wilfully committed: Com. v. Liberty Products Co., 84 Pa. Superior Ct. 473, and cases there cited. The only question for the jury was whether the alcoholic content of the beer exceeded the percentage prescribed by law as the maximum permissible in beverages. The fact that the manufacturer had placed the labels above mentioned on its product was immaterial to this issue and the evidence was properly excluded. He who possesses for beverage purposes liquor of any kind does so at his peril and, if competent evi-

dence is produced that it, in fact, contained alcohol in excess of the amount permitted, his knowledge or belief with respect to its alcoholic content is immaterial.

As to the whiskey the defense was that it was not possessed for beverage purposes but for use as a liniment. Appellant testified that about the first of January, 1930, he had an attack of rheumatism in one of his legs and was advised by Dr. Brobst to rub it with whiskey and laudanum; that he had a 16-ounce bottle about half full of whiskey, into which he poured approximately one ounce of laudanum and rubbed the mixture on his leg whenever the pain became severe. In rebuttal, the chemist testified positively that there was no laudanum in the whiskey when delivered to him by Newman. One of the complaints of appellant is that his defense relative to the whiskey was not properly submitted to the jury. The trial judge, after summarizing fully and accurately all of appellant's testimony relative to the whiskey and stating that it was his contention "that he was using the whiskey and laudanum for the purpose of bathing his leg as a liniment," continued: "Is that true? If it is, he should not be convicted of having had possession of the whiskey in this case." That was a clear and correct statement of the law (Com. v. Berdenella, 288 Pa. 510) and was all appellant had a right to ask; it gave him the full benefit of the defense he had interposed as to the possession of the whiskey. Counsel for appellant, as we understand his argument, does not question the correctness of this portion of the general charge but argues that the trial judge's reply to his request for further instructions contained error justifying a reversal. This colloquy took place. "Counsel: We ask the court to say to the jury—which you have in substance said, but not in form—that if the jury find that this whiskey was in the possession of this defendant for medicinal purposes, for rubbing on his

legs, there can be no conviction in this case of the possession of whiskey. The court: That is what we have said to the jury: That if this defendant had the possession of the whiskey and that it contained laudanum, as he testified it contained, and that he had it for rubbing purposes, for medicinal purposes, there should be no conviction so far as the whiskey is concerned.''

The burden of the complaint seems to be that the court should not have made any reference to the laudanum which appellant stated he had placed in the whiskey, as it might have been possessed for ''medicinal purposes'' without the addition of the laudanum. But it should be noted that there was no suggestion by appellant that the whiskey had been acquired originally for medicinal purposes; the only inference from his testimony would be that it had been acquired and was possessed for beverage purposes until the physician prescribed the use of a mixture of whiskey and laudanum as a liniment, whereupon the laudanum was added and the possession then became one, for medicinal purposes.

In view of appellant's own testimony the instruction' was not erroneous.

None of the assignments can be sustained.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.