## Commonwealth v. Rosetta et al.

*William J. MacCarter, Jr.*, district attorney, and *William H. Kraft, Jr.*, for Commonwealth.

*James A. Cochrane*, for defendants.

FRONEFIELD, P. J., December 30, 1933. — The defendants were indicted on December 6, 1933, under the Act of March 27, 1923, P. L. 34, charged with unlaw-

fully manufacturing, selling, transporting and possessing intoxicating liquor for beverage purposes on November 25, 1933.

They have moved the court to quash the indictment, averring that (1) the eighteenth amendment to the Constitution of the United States was repealed on December 6, 1933; (2) the Commonwealth of Pennsylvania on December 6, 1933, repealed existing statutes which previously declared illegal the offenses charged in the indictment; (3) the repeal statute does not include in it a saving clause.

The Pennsylvania Liquor Control Act of November 29, 1933, P. L. (1933-1934) 15, which went into effect at the time of its approval by the Governor, expressly repealed the Act of March 27, 1923, P. L. 34, without a saving clause that offenses committed prior to the repeal may be subsequently punished.

It is contended that, even though the general rule is that when a statute is repealed without any saving clause it is to be considered as though it never existed, except as to transactions passed and closed, yet it must be understood and applied so as to give effect to the legislative intention: Commonwealth v. Mortgage Trust Co. of Pa., 227 Pa. 163; Haspel v. O'Brien, 218 Pa. 146; Commonwealth v. Beattie, 93 Pa. Superior Ct. 404, 411; Scranton City v. Rose, 60 Pa. Superior Ct. 458, 462; which may be expressed in the repealing act by reënacting all or some of the provisions of the repealed act, which continues them in force without interruption: Commonwealth v. McNamara, 93 Pa. Superior Ct. 267; Commonwealth v. Beattie, 93 Pa. Superior Ct. 404, 412; Haspel v. O'Brien, 218 Pa. 146; Commonwealth v. Belevsky, 79 Pa. Superior Ct. 12, 15.

We find nothing in the repealing act to warrant the conclusion that any part of it is a reënactment of any part of the repealed Act of 1923.

The purpose of the Act of 1923 was inter alia, to prohibit and punish the sale, possession, manufacture, and transportation of intoxicating liquor for beverage purposes.

The purpose of the Act of 1933 is to regulate, rather than to prohibit, the sale of intoxicating liquor regardless of the purpose.

By the Act of 1923, "It shall be unlawful for any person to manufacture, sell, . . . transport, possess, or deliver within . . . this Commonwealth any intoxicating liquor for beverage purposes", with some exceptions which are immaterial in this inquiry.

The part of the Pennsylvania Liquor Control Act which is referred to as reënacting that part of the Act of 1923 prohibiting a sale for beverage purposes is section 601 which provides: "It shall be unlawful for any manufacturer or licensed importer of liquor . . . to sell, or offer to sell, any liquor . . . except to the board, etc," but they "may sell . . . liquor to persons outside of this Commonwealth".

By the Act of 1923, it is not unlawful to possess, sell, etc., any intoxicating liquor for other than beverage purposes: Commonwealth v. Berdenella, 288 Pa. 510; Commonwealth v. Hastings, 94 Pa. Superior Ct. 389; yet section 602 of the Act of 1933 makes it unlawful for any person to sell liquor for any purpose, except as provided in the act.

The Act of 1923 prohibited the manufacture and transportation of intoxicating liquor for beverage purposes. The Act of 1933 does not.

The Act of 1923 prohibited the possession of intoxicating liquor for beverage purposes. It could have been possessed for other than for beverage purposes and for beverage purposes in a bona fide private dwelling, provided it was lawfully acquired prior to the passage of that act and was for the personal use of the owner, his family, and guests.

By subsections (*b*) and (*d*) of section 602 of the Act of 1933, it is unlawful to possess liquor which was not lawfully acquired prior to January 1, 1934, or has not been purchased from a Pennsylvania liquor store, or the container of which has not been sealed with the official seal of the board.

As none of the provisions of the Act of 1923 upon which the indictment is based has been reënacted by the Act of 1933, it follows that the indictment must be quashed: Commonwealth v. Kittell, 19 D. & C. 509.

And now, December 30, 1933, the indictment of the defendants, Joseph Rosetta and Mary Antionotta, charging them with the unlawful selling, possessing, manufacturing, and transporting of intoxicating liquor for beverage purposes, no. 236, December sessions, 1933, be and it is hereby quashed.

A dissenting opinion was delivered by MacDade, J.