## Commonwealth v. Patterson

*Edwin C. Moon*, for Commonwealth.
*Joseph W. Nelson*, for defendant.

ROWLEY, P. J., July 8, 1937.—Defendant, charged with operating a motor vehicle at an excessive rate of speed, waived hearing before the justice of the peace, and the complaint was heard de novo by this court.

The information is based upon paragraph 3, sec. 1002, subsec. (*b*), of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of July 16, 1935, P. L. 1056.

The particular complaint is that defendant operated a motor vehicle "over a measured one-eighth mile stretch of highway in 10 seconds of time, or at a rate of 45 miles per hour."

It is not denied that the alleged violation occurred within a business or residential district where the required signs had been erected to give notice of a 20-mile speed limit. Defendant's attack is directed to the character of the evidence offered to support the charge, and especially to the failure of the Commonwealth to present evidence obtained strictly in accord with the requirements of the statute.

The statute expressly requires that the speed shall be timed over a measured distance, of not less than one-eighth of a mile, by two peace officers, one of whom shall have been stationed at each end of such measured stretch.

Officer Witherspoon testified that the stretch was "stepped off" and not measured. On page 16, he states, "I stepped it off this time at 230 paces, which would mean 660 feet approximately." This officer was located at, or near, the north end of the stretch.

The coöperating officer Ging was assigned to the south end. It is generally admitted that the latter did not take

his station exactly at the terminus. The explanation was that the telephone equipment to provide communication between the stationed officers was not supplied with sufficient wire to cover the prescribed distance.

At the hearing defendant produced a number of witnesses who observed the location of the officers on the date of the alleged infraction. Other witnesses made actual measurement of the distance between the points where the officers were said to have been stationed. The latter testified that the distance was 565 feet or 95 feet less than the prescribed stretch.

Officer Ging testified that the southern terminus of the stretch was about one foot south of the "Twenty Mile Speed Limit" sign that is approximately opposite the Will's garage. This officer states that he was stationed "possibly 25 feet" north of that terminus.

Mrs. Amy gave Officer Ging's location as 75 to 100 feet north of the sign. Mr. Barton estimated the distance to be about 100 feet. Mr. Ringer testified that he measured from the point where the witnesses indicated Ging was stationed to the first sign south, and that the distance was 110 feet.

Defendant as a witness in his own behalf denied that he was driving at a speed of 45 miles per hour, but was unable to state that he was not driving in excess of 20 miles per hour.

The legislature, appreciating the necessity for accurate computation in determining speed measured in terms of feet and seconds, prescribed that the observation be taken over a measured stretch of a stipulated distance by an officer stationed at each end of the measured strip.

The Commonwealth contends that defendant drove a distance of 660 feet in 10 seconds. The permissible speed for that distance was 22 seconds. If correct results are to be obtained in determining whether a motor car covers one eighth of a mile in 22 seconds or in some seconds less,

the factors involved must be accurate and the observations must be made with extreme care and exactness.

In the instant case the stretch was not measured. The speed signs seem to have been spaced with an intervening distance of one eighth of a mile, but these signs were not adopted as the termini of the stretch in question.

The requirement that an officer be stationed at each end of the measured stretch calls for not more than substantial compliance. It is not imperative that the officer be stationed at the exact terminal, but at least a substantial compliance with this requirement is indispensible to support a prosecution.

It appears rather clearly from the testimony that one of the officers was distant some 100 feet from the prescribed terminal. This was not a substantial compliance with the statute. We are mindful of the officer's testimony that the calculation of speed was not made over the distance intervening between the officers but over distance between the ends of the measured stretch.

It may be contended that one within 100 feet of a given point can observe a vehicle passing that point as fully as if stationed at the point. Under certain circumstances that may be true, but because varying conditions and circumstances affect the ability to precisely observe the speed of vehicles, the legislature undertook to prescribe quite in detail in what manner such observation shall be made and proved.

The section of the law upon which this proceeding rests is of a penal nature and must be strictly construed:

" '. . . we encounter the rule of interpretation that forbids any construction of a penal statute that would extend its meaning beyond its words. No person is to be made subject to a penal statute by implication, all doubts concerning their interpretation are to preponderate in favor of the accused: Bishop's Criminal Law, sec. 225. . . . The doctrine is that, when an offense is created by statute, and the same statute prescribes the penalty or *the mode of procedure or anything else of that sort, only*

*that which the statute provides can be followed:* Bishop's Criminal Law, sec. 278.' See also Commonwealth v. Berdenella, 288 Pa. 510, 136 A. 791; Commonwealth v. American Car and Foundry Company, 203 Pa. 302, 52 A. 326": Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252, 256. (Italics ours.)

The opinion of the Superior Court in Commonwealth v. Wolfgang, supra, is an illustration of the strictness with which the above rule is applied. In that case defendant had been charged with exceeding the speed limit over a measured stretch of highway in a rural community. The statute provides that in a rural community the speed may be timed by a motor vehicle equipped with a speedometer. The stretch is not required to be measured. Only one officer is prescribed. Clearly timing over a measured stretch by two officers would be at least as conclusive as timing by a single officer over a stretch not measured. Nevertheless, the Superior Court held that the timing by two officers over a measured stretch could not be substituted for timing by a single officer over an unmeasured stretch, and defendant was discharged.

In the instant proceedings the stretch was not measured. No officer was stationed at the south end of the measured stretch, nor was he approximately at that point.

Because of failure to observe the plain requirements of the statute, this prosecution cannot be sustained.

### Order

And now, July 8, 1937, this matter was heard in open court; whereupon, after due and careful consideration, the court determines that the procedure prescribed by statute was not pursued, and that such omission is fatal to the prosecution.

Accordingly, defendant is discharged sine die; costs to be paid by the County of Mercer.